**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**KEYA DEONTE BAREFIELD** **PLAINTIFF**
***ADC #174189***

**v.** **No: 4:26-cv-00730-JM-PSH**

**ROLONDA SCRUGGS, *et al.*** **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Keya Deonte Barefield filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 17, 2026 (Doc. No. 1). His application to proceed *in forma pauperis* has been granted (Doc. No. 4). The Court has reviewed Barefield's complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Barefield alleges that he was denied due process in connection with several disciplinary convictions he received in 2026. Doc. No. 1 at 6-11. As a

result of each conviction, he was sentenced to 30 days punitive isolation; lost commissary, phone, and visitation privileges for 60 days; and a one-year loss of class promotion affecting his parole eligibility. *Id.* at 7-11. Barefield claims he suffered "headaches temperatures" while in punitive housing. *Id.*

Barefield cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). Barefield was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v.*

*Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Id.* (*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)).

Barefield's punishment consisted of assignment to punitive isolation, loss of privileges, and a delay in class promotion affecting his parole eligibility. He says he suffered headaches and temperatures but does not otherwise describe the conditions he endured as a result of his disciplinary convictions. Barefield does not describe how any conditions to which he was exposed constituted an atypical and significant hardship. *See Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges). And while Barefield complains that his disciplinary convictions may extend his prison sentence due to a delay in class promotion, inmates do not have a liberty interest in maintaining a particular classification or the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

For these reasons, Barefield fails to state a viable due process claim with respect to the disciplinary convictions described in his complaint.

## III. Conclusion

For the reasons stated herein, it is recommended that:

1. Barefield's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 15th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE